UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

I HEREBY ATTEST AND CERTIFY ON 6/21/12
THAT THE FOREGOING DOCUMENT IS A FULL TRUE AND
CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

ANN THOMPSON
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

BY _____ DEPUTY

IN RE: SIMPLY ORANGE ORANGE JUICE
MARKETING AND SALES PRACTICES
LITIGATION
    Kirk Yee v. Simply Orange Juice Co., et al., )
        N.D. California, C.A. No. 4:12-01170 )
    Philip J. Wieczorek v. The Coca-Cola Co., )
        W.D. Missouri, C.A. No. 4:12-00308 )

MDL No. 2361

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the Western District of Missouri *Wieczorek* action moves to centralize this litigation in the Western District of Missouri or, alternatively, in the Northern District of California. This litigation currently consists of two actions pending in the Northern District of California and the Western District of Missouri.[1]

Defendants Simply Orange Juice Company and its corporate parent, the Coca-Cola Company (collectively, Simply Orange) support centralization, but propose the Northern District of Illinois as the appropriate transferee district. The plaintiff in the Northern District of California action initially opposed centralization, but withdrew his opposition at oral argument and now supports centralization in the Northern District of California. Plaintiffs in two potential tag-along actions pending in the Northern and Eastern Districts of California, respectively, also support centralization in the Northern District of California. Plaintiff in a potential tag-along action in the Middle District of Florida

---

[*] Judges John G. Heyburn II, Kathryn H. Vratil, and Marjorie O. Rendell took no part in the decision of this matter.

[1] A third action was pending in the District of New Jersey, but that action was voluntarily dismissed without prejudice.

Additionally, the Panel has been notified of six potentially related actions in which the Coca-Cola Company or its Simply Orange or Minute Maid divisions are named defendants. These actions are potential tag-along actions. *See* Panel Rule 7.1. However, for the reasons stated in the Panel's transfer order in MDL No. 2353 – *In re Tropicana Orange Juice Marketing and Sales Practices Litigation*, actions that name other orange juice producers exclusively as defendants will not be centralized in this litigation.

-2-

supports centralization in that district, while the plaintiff in two potential tag-along actions in the Northern District of Alabama (Veal) supports transfer to the Northern District of Alabama.[2]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that not-from-concentrate orange juice produced and sold by Simply Orange is deceptively marketed as "100% Pure Squeezed Orange Juice," when in fact the orange juice is extensively processed. Plaintiffs allege, *inter alia*, that Simply Orange deoils, deaerates, and pasteurizes its orange juice, then stores the juice in refrigerated tanks for long periods of time, and adds chemically-engineered substances to mimic the flavor of "natural" orange juice. All actions are purported nationwide class actions brought against Simply Orange alleging the deceptive marketing of its not-from-concentrate juices. Centralization will eliminate duplicative discovery; prevent inconsistent trial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Western District of Missouri is the most appropriate transferee district. The Western District of Missouri is located in a geographically central location accessible to the parties ranging from California to Florida. While no action is particularly advanced procedurally, plaintiff's counsel in the Western District of Missouri appear to have significantly investigated and developed the factual issues underpinning their complaint. Further, centralization in this district permits the Panel to assign the litigation to a less-utilized district with an experienced judge who is not presently overseeing a multidistrict litigation.

---

[2] Veal also argues for industry-wide centralization into a single multidistrict litigation, which would include actions alleging similar claims regarding not-from-concentrate orange juice marketed by other companies, such as Tropicana Products, Inc. We deny this request for the reasons stated in our transfer order in MDL No. 2353 – *In re Tropicana Orange Juice Marketing and Sales Practices Litigation*.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of California is transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Fernando J. Gaitan, Jr., for coordinated or consolidated pretrial proceedings with the action pending there.

IT IS FURTHER ORDERED that the request by the Northern District of Alabama plaintiff for industry-wide centralization is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
W. Royal Furgeson, Jr.
Acting Chairman

Barbara S. Jones      Paul J. Barbadoro
Charles R. Breyer